IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**PENNY DOUGHERTY,**                                          2:13-cv-00076- RE

              Plaintiff,                            **OPINION AND ORDER**

       v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security,

              Defendant.

**REDDEN,** Judge:

       Plaintiff Penny Dougherty brings this action to obtain judicial review of a final decision

of the Commissioner of the Social Security Administration ("Commissioner") denying her claim

for disability insurance benefits ("DIB"). For the reasons set forth below, the decision of the

Commissioner is affirmed and this matter is dismissed.

/ / /


1  - OPINION AND ORDER

## BACKGROUND

Dougherty filed her application for DIB on August 12, 2008, alleging disability since March 15, 2008, due to "[c]ollapsing vertebrate lumbar spine/bulging disks thoraci, Diabetes." Tr. 127-28. Dougherty was 60 years old on her alleged onset date. Her application was denied initially and upon reconsideration. A hearing was held on March 16, 2011. Tr. 30-49. The Administrative Law Judge ("ALJ") found her not disabled. Dougherty's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Dougherty had the medically determinable severe impairments of degenerative disc disease status post spinal surgeries in 1977 and 1987, and obesity. Tr. 19.

The ALJ found that Dougherty's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. Tr. 24.

The ALJ determined that Dougherty retained the residual functional capacity ("RFC") to perform sedentary work never climb ladders, ropes or scaffolds, or crouch or crawl. She can occasionally climb ramps and stairs, balance, stoop, and kneel. She should avoid concentrated exposure to vibration and hazards. Tr. 21.

At step four, the ALJ found Dougherty was capable of performing her past relevant work as a bookkeeper and data entry clerk. Tr. 24.

Dougherty argues that the ALJ erred by: (1) finding her not fully credible; (2) inaccurately assessing her RFC; (3) failing to develop the record; (4) improperly evaluating diabetes; and (5) improperly evaluating obesity.

## DISCUSSION

2 - OPINION AND ORDER

## I. Credibility

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reason for rejecting the claimant's testimony must be "clear and convincing." *Id.* The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Reddick,* 157 F.3d at 724. *See also Holohan v. Massinari,* 246 F.3d 1195, 1208 (9th Cir. 2001). General findings (e.g., "record in general" indicates improvement) are an insufficient basis to support an adverse credibility determination. *Reddick* at 722. *See also Holohan,* 246 F.3d at 1208. The ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002).

In deciding whether to accept a claimant's subjective symptom testimony, "an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms." [Footnote omitted.] *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996).

> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged...." *Bunnell,* 947 F.2d at 344 (quoting 42 U.S.C. § 423 (d)(5)(A) (1988)); *Cotton,* 799 F.2d at 1407-08. The *Cotton* test imposes only two requirements on the claimant: (1) she must produce objective medical evidence of an impairment or impairments; and (2) she must

> show that the impairment or combination of impairments *could*
> *reasonably be expected to* (not that it did in fact) produce some degree
> of symptom.

*Smolen,* 80 F.3d at 1282.

Plaintiff testified she has left leg weakness, is unable to move four toes on her left foot

which causes her to drag the foot, and has trouble moving her left lower extremity. Tr. 35, 43.

Plaintiff said she has numbness, tingling, and pain in her feet and legs, and uses a walking stick

on uneven ground. Tr. 40, 44. She alleged she could only stand for ten minutes and walk for one

half to one block. Tr. 36. Plaintiff reported problems lifting, squatting, bending, standing,

reaching, walking, sitting, kneeling, and climbing stairs. Tr. 21, 140. Plaintiff testified that she

could not sit for more than 15 to 20 minutes without pain. Tr. 37. She stated she spent her time

at home on either her couch or bed. Tr. 39. Plaintiff testified she sat on a stool to prepare meals

or leaned against the counter. Tr. 40. She takes Metformin to control diabetes, and she has no

side effects from that medication. Tr. 45.

The ALJ noted Plaintiff left her job as a bookkeeper in October 2007 for reasons

unrelated to her alleged impairments. Tr. 23. The fact that a claimant stopped working for

reasons other than her impairments is a valid reason to discount her testimony. *Bruton v.*

*Massanari,* 268 F.3d 824, 828 (9th Cir. 2001). The ALJ stated Plaintiff started another job but

was laid off in November 2007 because she could not speak or read Spanish. Tr. 23, 37.

The ALJ stated that Plaintiff's complaints were inconsistent with her daily living

activities, noting cooking, cleaning, grocery shopping, helping care for her aunt, mother, and

father, and operating a riding lawn mower. Tr. 23. Daily activities need not equal work activity

to show the claimant engages in activity inconsistent with alleged disability. *Rollins v.*

*Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). These activities are inconsistent with Plaintiff's report that she lays in bed or on the couch all day, and she cannot stand for more than ten minutes or walk half a block. Tr. 37, 39.

The ALJ properly found Plaintiff's allegations regarding her symptoms were disproportionate to objective and clinical findings. Tr. 23. The ALJ cited a March 2008 x-ray showing "mild malalignment" and some degenerative changes. Tr. 22, 305. The ALJ cited an August 2008 MRI which showed small central disc protrusions at T5-6, T6-7 and T7-8, inducing very mild spinal canal narrowing without significant spinal canal stenosis, no definitive evidence of focal nerve root compromise or neuroforaminal stenosis, normal spinal cord signal, and mild to moderate lower cervical spine spondylosis. Tr. 22, 319.

The ALJ cited the November 2008 consultative examination by Kim Webster, M.D. Tr. 22, 322. Dr. Webster found Plaintiff could walk heel to toe without problem, station and gait were normal, there was no foot drop, straight leg tests were negative both sitting and supine. Tr. 22, 322. Dr. Webster found Plaintiff had normal grasping ability and gross fine motor skills in her hands were normal. Dr. Webster concluded there was no significant objective evidence to limit Plaintiff's standing and walking. Tr. 22, 323. Based on Plaintiff's prior surgeries, Dr. Webster limited her to lifting and carrying 20 pounds occasionally and ten pounds frequently. Tr. 22, 322-24.

The ALJ identified clear and convincing reasons to find Plaintiff less than fully credible as to her limitations.

/ / /

5 - OPINION AND ORDER

## II. Social Security Rule 96-8p and Residual Functional Capacity

Social Security Rule 96-8p, entitled "Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims," addresses assessment of a claimant's RFC. SSR 96-8p (available at 1996 WL 374184). The Ruling defines the RFC assessment and instructs the ALJ to make findings in construing a claimant's RFC. The Ruling also instructs the ALJ to consider "all relevant evidence" in making RFC findings, and to address the claimant's exertional and nonexertional capacity. *Id.* at *5-6.

A claimant's RFC is an assessment of what a claimant can do in a work setting despite her mental or physical impairments. Here, the ALJ found that the claimant retained the RFC for sedentary work. She can occasionally climb ramps and stairs, balance, stoop, and kneel. She can occasionally balance and crawl. She can never climb ladders, ropes or scaffolds, or crouch or crawl. She should avoid concentrated exposure to vibration and hazards.

Plaintiff argues that the ALJ formulated her RFC "without citing any medical authority for the limitations imposed." Plaintiff's Brief at 10. However, the ALJ described how the medical evidence supports the assessment of plaintiff's residual functional capacity. Tr. 22-23. As set out above, the ALJ noted the objective test results and the findings of examining physician Dr. Webster. *Id.* Plaintiff does not point to medical evidence of additional limitations.

The ALJ sufficiently explained his RFC assessment and did not violate SSR 96-8p.

## III. Duty to Develop the Record

The ALJ in a social security case has an independent "'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Smolen*, 80 F.3d at 1288 (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). This duty extends to the

represented as well as to the unrepresented claimant. *Id.* When the claimant is unrepresented, however, the ALJ must be especially diligent in exploring for all the relevant facts. *Cox v. Califano,* 587 F.2d 998, 991 (9th Cir. 1978). In this case, Plaintiff was represented by an attorney. The ALJ's duty to develop the record is also heightened where the claimant may be mentally ill and thus unable to protect her own interests. *Higbee v. Sullivan,* 975 F.2d 558, 562 (9th Cir. 1992). Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry." *Smolen,* 80 F.3d at 1288; *Armstrong v. Comm'r of Soc. Sec. Admin.,* 160 F.3d 587, 590 (9th Cir. 1998). The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record. *Tidwell v. Apfel,* 161 F.3d 599, 602 (9th Cir. 1998); *Smolen,* 80 F.3d at 1288.

The ALJ cited multiple physician records in evaluating Plaintiff's RFC. The ALJ stated he gave some weight to opinions by Dr. Webster and State agency physicians. Tr. 22. Dr. Webster's opinion was based on a consultative examination. Tr. 321-24.

Plaintiff was represented by counsel at the hearing and her attorney examined her. Tr. 37-46. Plaintiff does not suggest that a request was made for a consultative examination or that a request was made to leave the record open. The record is not ambiguous. None of Plaintiff's treating providers assessed any functional limitations. Tr. 307, 313, 452, 468, 470, 477, 481, 485, 490, 492, 494, 495, 498, 500, 501. As the ALJ noted, only Dr. Webster and the State agency physicians assessed functional limitations. Tr. 323-24, 330-32. The ALJ did not err by failing further to develop the record. *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001).

7 - OPINION AND ORDER

## IV. Evaluation of Diabetes Mellitus

Plaintiff contends the ALJ erred by failing properly to evaluate her diabetes. Plaintiff cites medical evidence of peripheral neuropathy and her testimony that she drags her left foot and has trouble moving her left lower extremity. Plaintiff notes her testimony that she is unable to sit for more than 15-20 minutes at a time, stand for ten minutes, or walk more than one block without resting. Tr. 36-37. She cites her testimony that she needs to lay down and rest daily. Tr. 39-40.

The ALJ's determination that Plaintiff was not fully credible as to the extent of her functional limitations is supported by substantial evidence. Accordingly, the ALJ's determination regarding functional limitations arising from diabetes is supported by substantial evidence and Plaintiff's functional limitations are reflected in the RFC.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

8 - OPINION AND ORDER

## V.  Evaluation of Obesity

The ALJ found Plaintiff's obesity a severe impairment at step two, and at step three he determined it did not reach listing level severity. Tr. 19-21.  Plaintiff fails to show error.  She points to no credible functional limitations arising from obesity. *Burch v. Barnhart*, 400 F.3d 676, 683-84 (9th Cir. 2005).  The ALJ limited Plaintiff to sedentary exertional activities, specifically noting he based the finding, in part, on Plaintiff's obesity.  The ALJ's determination is supported by substantial evidence.

### CONCLUSION

For these reasons, the ALJ's decision that Dougherty is not disabled  is based on correct legal standards and supported by substantial evidence.   The decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated this 19 day of May, 2014.


JAMES A. REDDEN
United States District Judge


9 - OPINION AND ORDER